IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| LISA Z.,[1] | No. 6:21-cv-1550-MO |
| Plaintiff, | OPINION & ORDER |
| v. | |
| COMMISSIONER, SOCIAL SECURITY ADMINISTRATION, | |
| Defendant. | |

MOSMAN, District Judge:

This matter comes before me on Plaintiff Lisa Z.'s Complaint [ECF 1] against Defendant Commissioner of the Social Security Administration. For the reasons given below, I REVERSE the Commissioner's decision and REMAND this case for further proceedings.

---

[1] In the interest of privacy, this opinion uses only the first name and the initial of the last name of the nongovernmental party in this case.

1 – OPINION & ORDER

## PROCEDURAL BACKGROUND

On May 16, 2016, Plaintiff applied for Disability Insurance Benefits ("DIB") and Supplemental Security Income ("SSI") under Titles II and XVI of the Social Security Act, alleging disability beginning December 31, 2014. Tr. 73-74, 104-05. The Social Security Administration ("SSA") denied her claim initially and upon reconsideration. Tr. 75-103, 106-131. Plaintiff appeared and testified at a hearing held on May 2, 2018, before Administrative Law Judge (ALJ) John D. Sullivan. Tr. 36-72. On July 20, 2018, the ALJ issued a decision finding that Plaintiff had not been under a disability at any time from the alleged onset date through the date of the decision. Tr. 16-34. Plaintiff filed an appeal, and the Appeals Council denied review. Tr. 1-6. Plaintiff appealed the decision to the United States District Court for the District of Oregon, and on stipulation of the parties, the Court reversed and remanded so that the ALJ could reevaluate relevant medical opinions and formulate a new RFC, if necessary. Tr. 838-39.

On May 21, 2021, Plaintiff appeared for a supplemental hearing before ALJ Sullivan. Tr 803-32. On June 23, 2021 the ALJ issued a decision denying Plaintiff's claims for benefits. Tr. 780-802. The Appeals Council denied a request for review.

## THE ALJ'S FINDINGS

At step one, the ALJ found that Plaintiff had not engaged in substantial gainful activity (SGA) since December 31, 2014, the alleged onset date. Tr. 786. At step two, the ALJ determined that Plaintiff had the following severe impairments: Neurogenic Bladder; Obesity; Spina Bifida; and Osteoarthritis. Tr. 786. At step three, the ALJ found no impairment that met or equaled the severity of any impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. Tr. 788. The ALJ assessed Plaintiff's residual functional capacity ("RFC") to:

perform sedentary work as defined in 20 CFR 404.1567(a) and 416.967(a) except she is able to lift and carry 10 lbs. occasionally and less than 10 lbs. frequently. The claimant can climb ramps and stairs occasionally but can never climb ladders, ropes or scaffolds. She can occasionally stoop, kneel, crouch and crawl. The claimant can never work at unprotected heights, never moving mechanical parts, and never operating a motor vehicle. She must have ready access to a bathroom or be able to perform the job while wearing adult protective garments. The claimant's time off task can be accommodated by normal breaks.

Tr. 788.

At step four, the ALJ determined that Plaintiff was able to perform past relevant work as a customer service representative. Tr. 793. Alternatively, at step five, the ALJ determined that there are jobs that exist in significant numbers in the national economy that the claimant can perform such as document preparer, assembler, and information clerk. Tr. 794. The ALJ therefore found Plaintiff not disabled. Tr. 794-95.

## LEGAL STANDARD

Courts must uphold the ALJ's decision if it "was supported by substantial evidence and based on proper legal standards." *Lewis v. Astrue*, 498 F.3d 909, 911 (9th Cir. 2007). Substantial evidence is "more than a mere scintilla," and means only "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Biestek v. Berryhill*, 139 S. Ct. 1148, 1150 (2019) (internal quotation marks omitted). When "evidence is susceptible of more than one rational interpretation ... the ALJ's conclusion ... must be upheld." *Burch v. Barnhart*, 400 F.3d 676, 679 (9th Cir. 2005). Errors in the ALJ's decision do not warrant reversal if they are harmless. *Stout v. Comm'r Soc. Sec. Admin.*, 454 F.3d 1050, 1054 (9th Cir. 2006).

## DISCUSSION

Plaintiff raises two issues with the ALJ's decision. Plaintiff argues the ALJ erred by (1) erroneously discounting her symptom testimony, and (2) erroneously discounting lay witness testimony. I address these issues in turn.

3 – OPINION & ORDER

I. **Subjective Symptom Testimony**

The ALJ is responsible for evaluating symptom testimony. SSR 16-3p, 2017 WL 5180304, at *1 (Oct. 25, 2017). The ALJ engages in a two-step analysis for subjective symptom evaluation. *Molina v. Astrue*, 674 F.3d 114, 1112 (9th Cir. 2012) (superseded on other grounds). First, the ALJ determines whether there is "objective medical evidence of an underlying impairment which could reasonably be expected to produce the pain or other symptoms alleged." *Id.* (internal quotations omitted). Second, "if the claimant has presented such evidence, and there is no evidence of malingering, then the ALJ must give specific, clear and convincing reasons in order to reject the claimant's testimony about the severity of the symptoms." *Id.*

When evaluating subjective symptom testimony, "[g]eneral findings are insufficient." *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). "An ALJ does not provide specific, clear, and convincing reasons for rejecting a claimant's testimony by simply reciting the medical evidence in support of his or her residual functional capacity determination." *Brown-Hunter v. Colvin*, 806 F.3d 487, 489 (9th Cir. 2015). Instead, "the ALJ must specifically identify the testimony she or he finds not to be credible and must explain what evidence undermines the testimony." *Holohan v. Massanari*, 246 F.3d 1195 (9th Cir. 2001); *see also Orteza v. Shalala*, 50 F.3d 748, 750 (9th Cir. 1995) (The reasons proffered must be "sufficiently specific to permit the reviewing court to conclude that the ALJ did not arbitrarily discount the claimant's testimony.").

At the hearing, Plaintiff testified that not only does she have urinary incontinence, she has urinary frequency, Tr. 284, Tr. 285; she uses the bathroom 20 to 30 times a day, Tr. 817; she has urgency in doing so, Tr. 817; even with using the bathroom at least 20 times a day, she has at least 2 or 3 accidents, and a lot more if something stressful or emotional happens, Tr. 817; and even with the pads she wears, and using the bathroom at least 20 times a day, there are leakages

that go beyond the adult protective garment and there at least three or four times a week where she has to change not just her pad which happens several times a day, but her clothes as well, Tr. 821. The Vocational Expert testified that: a person needing to take bathroom breaks 7-10 times a day outside of normal scheduled breaks would not be tolerated, and a person who is off task greater than 10% of work day would not be tolerated for the identified jobs and all comparable employment).

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms and did not identify evidence of malingering. Tr. 790. However, the ALJ concluded that Plaintiff's statements concerning the intensity, persistence and limiting effects of her symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 790. Specifically, the ALJ found Plaintiff's symptom allegations about her neurogenic bladder were inconsistent with objective medical evidence. Tr. 790.

*A. Objective Medical Evidence*

The ALJ is instructed to evaluate objective evidence in considering a claimant's symptom allegations. 20 C.F.R. § 416.929(c)(2) ("Objective medical evidence ... is a useful indicator to assist us in making reasonable conclusions about the intensity and persistence of your symptoms[.]"). Indeed, "[w]hen objective medical evidence in the record is *inconsistent* with the claimant's subjective testimony, the ALJ may indeed weigh it as undercutting such testimony." *Smartt v. Kijakazi*, 53 F.4th 489, 498 (9th Cir. 2022) (emphasis in original); s*ee also Connett v. Barnhart*, 340 F.3d 871, 874 (9th Cir. 2003) (affirming the ALJ's credibility finding when the plaintiff's testimony of weight fluctuation was inconsistent with the medical record).

When addressing Plaintiff's testimony about her neurogenic bladder, the ALJ failed to identify substantial evidence to support his decision to discount Plaintiff's testimony about the

frequency and extent of that condition. Conflict with objective medical evidence is a sufficient basis for discounting a claimant's testimony, but absence of corroborating medical evidence is not. *Smartt*, 53 F.4th at 498; 20 C.F.R. §§ 404.1529(c)(2), 416.929(c)(2). At the hearing, Plaintiff testified that she needs to use the bathroom 20-30 times a day, and often has accidents that cannot be managed with pads or adult diapers. Tr. 817. The ALJ recognized Plaintiff's "long history of urinary issues with urinary incontinence," but suggested Plaintiff's testimony was exaggerated because the most recent urology specialist visit was in April, 2017. Tr. 791. The ALJ also noted that at a December, 2019 visit for an unrelated ailment Plaintiff failed to identify problems with urinary incontinence. Tr. 791, 1167. Lack of corroborating medical evidence, however, is not by itself a clear and convincing reason to reject a claimant's testimony when the claimant, as Plaintiff did in this case, provides objective medical evidence of the underlying impairment. *Bunnell v. Sullivan*, 947 F.2d 341, 347–48 (9th Cir.1991); *see also Fair v. Bowen*, 885 F.2d 597, 601 (9th Cir.1989) (the claimant need only show that her impairment could reasonably have caused some degree of the symptoms alleged). Because plaintiff presented objective medical evidence of her neurogenic bladder, she created a reasonable inference to support her symptom allegations of incontinence related to that condition. *See Fair*, 885 F.2d at 601. Beyond absence of corroborating evidence, the ALJ does not point to any other reason to dismiss Plaintiff's testimony. On this record, then, the ALJ's reasons for rejecting Plaintiff's testimony are not clear and convincing, and it was error for the ALJ to discount Plaintiff's testimony about neurogenic bladder symptoms on this basis.

**II.    Lay Witness Testimony**

Plaintiff also argues the ALJ erred by failing to provide germane reasons to discount Plaintiff's sister's similar testimony about her urinary frequency and urgency. *See* Tr. 293, 298.

The ALJ must give reasons "germane to the witness" when discounting the testimony of lay witnesses. *Valentine v. Comm'r Soc. Sec. Admin.,* 574 F.3d 685, 694 (9th Cir. 2009). Where "lay witness testimony does not describe any limitations not already described by the claimant, and the ALJ's well-supported reasons for rejecting the claimant's testimony apply equally well to the lay witness testimony," any error by the ALJ in failing to discuss the lay testimony is harmless. *Molina*, 674 F.3d at 1117, 1122. Here, the ALJ did not address the lay testimony at all. That error is harmful because, as noted above, the ALJ failed to adequately evaluate Plaintiff's similar neurogenic bladder testimony. On remand, the ALJ should credit the lay witness testimony or state his germane reasons for failing to do so.

### III. Remand

When a court determines the Commissioner erred in denying benefits, the court may affirm, modify, or reverse the Commissioner's decision "with or without remanding the cause for a rehearing." *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1099 (9th Cir. 2014) (quoting 42 U.S.C. § 405(g)). In determining whether to remand for further proceedings or the immediate payment of benefits, the Ninth Circuit employs the following "credit-as-true" standard when the following requisites are met: (1) the ALJ has failed to provide legally sufficient reasons for rejecting evidence; (2) the record has been fully developed and further proceedings would serve no useful purpose; and (3) if the improperly discredited evidence were credited as true, the ALJ would be required to find the plaintiff disabled on remand. *Garrison*, 759 F.3d at 1020. If all three requisites are met, the court may remand for benefits. *Id.* However, even if all of the requisites are met, the court may still remand for further proceedings "when the record as a whole creates serious doubt as to whether the claimant is, in fact, disabled." *Id.* at 1021

7 – OPINION & ORDER

Here, the first requisite is met because the ALJ erroneously rejected Plaintiff's and the lay witness testimony about neurogenic bladder symptoms. Further proceedings would be useful for the ALJ to properly consider this testimony in light of Plaintiff's treatment history and whether she was able to manage her incontinence with treatment. On remand, the ALJ should consider whether the record in fact conflicts with Plaintiff's testimony and the lay witness testimony about neurogenic bladder symptoms, and if not, incorporate those limitations into the RFC and solicit further VE testimony if necessary.

## CONCLUSION

For the reasons given above, I REVERSE the Commissioner's decision and REMAND this case for further proceedings.

IT IS SO ORDERED.

DATED: 2/13/2024.

*Michael W. Mosman*
MICHAEL W. MOSMAN
United States District Judge

8 – OPINION & ORDER